IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FBR CAPITAL MARKETS & CO.,**<br><br>                           **Petitioner,**<br><br>     **v.**<br><br>**PETER D. HANS,**<br><br>                           **Respondent.** | Civil No. 13-00535 (RCL) |

### RESPONDENT'S MOTION FOR ATTORNEYS FEES AND EXPENSES

Respondent Peter D. Hans ("Hans"), by the undersigned counsel, respectfully moves pursuant to D.C. Code § 16-4425(c) and Fed. R. Civ. P. 54, for an award of attorneys fees and expenses, and states:

1.      This is a matter arising out of an arbitration proceeding conducted by the Financial Institutions Regulatory Authority ("FINRA").  On March 20, 2013, the FINRA panel awarded Mr. Hans $267,960 against the Petitioner FBR Capital Markets & Co. ("FBR").

2.      Thereafter, FBR filed a petition in this Court seeking to vacate the award. Mr. Hans opposed that motion and filed a cross-motion, pursuant to the Federal Arbitration Act and the District of Columbia Revised Uniform Arbitration Act ("DCRUAA"), seeking confirmation of the arbitration award.

3.      On October 18, 2013, this Court issued an Opinion and a judgment granting Mr. Hans' motion and denying FBR's petition.

4.      The DCRUAA provides that on an application to confirm an arbitration award, the Court may award the prevailing party "reasonable attorney's fees and other reasonable

expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming . . . an award." D.C. Code § 16-4425(c).

5. In connection with these post-award judicial proceedings Mr. Hans has incurred attorneys fees in the amount of $35,727.50, and expenses in the amount of $3,183.51.

6. As further grounds for this motion, Mr. Hans directs the Court to his supporting memorandum filed this date, as well as the accompanying Declaration of Robert R. Vieth.

7. Before filing this motion, counsel for Mr. Hans exchanged emails with Mr. Kennedy, counsel for FBR, seeking confirmation that FBR, in fact, opposed Mr. Hans' request for fees. Mr. Kennedy acknowledged receipt of that email, but he has not yet notified the undersigned counsel of FBR's final position as to this motion. Although this motion was filed before FBR announced its position in response to that recent email, it appears from its earlier filings that FBR contends that the DCRUAA does not apply and therefore that FBR opposes Mr. Hans' request for attorneys fees.

WHEREFORE, Mr. Hans requests that the Court award him his attorneys fees in the amount of $35,727.50, and expenses in the amount of $3,183.51; and that the Court award such further relief as the Court deems appropriate.

Respectfully submitted,

      / s /
Wayne G. Travell, Esq. (Bar No. 372658)
Robert R. Vieth, Esq. (Bar No. 406941)
LEACH TRAVELL BRITT pc
8270 Greensboro Drive, Suite 1050
McLean, Virginia  22102
Tel:  (703) 584-8900
Fax:  (703) 584-8901
E-mail:  wtravell@ltblaw.com
       rvieth@ltblaw.com
*Counsel for Respondent Peter D. Hans*

Dated:  October 23, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2013, a true and correct copy of the foregoing Respondent's Motion for Attorney's Fees and Expenses was filed via the Court's CM/ECF system, which system will send notification of this filing to the counsel below, and served by electronic mail and by first-class mail, postage prepaid, upon the following:

> Paul J. Kennedy, Esq.
> S. Libby Henninger, Esq.
> Littler Mendelson, P.C.
> 1150 17th Street, N.W., Suite 900
> Washington, D.C. 20036
> T: (202) 842-3400
> F: (202) 842-0011
> pkennedy@littler.com
> lhenninger@littler.com

                                                 / s /
                                           Robert R. Vieth

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FBR CAPITAL MARKETS & CO.,**

           **Petitioner,**

   **v.**

**PETER D. HANS,**

           **Respondent.**

Civil No. 13-00535 (RCL)

## MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION FOR ATTORNEYS FEES AND EXPENSES

Wayne G. Travell, Esq. (Bar No. 372658)
Robert R. Vieth, Esq. (Bar No. 406941)
LEACH TRAVELL BRITT pc
8270 Greensboro Drive, Suite 1050
McLean, Virginia  22102
Tel:  (703) 584-8900
Fax:  (703) 584-8901
E-mail:  wtravell@ltblaw.com
          rvieth@ltblaw.com

*Counsel for Respondent Peter D. Hans*

TABLE OF CONTENTS

Page

I.   Background ................................................................................................................. 1

II.  Legal Authority .......................................................................................................... 2

   A.   The District of Columbia Revised Uniform Arbitration Act Authorizes
        This Court to Award Mr. Hans His Reasonable Attorneys Fees and
        Expenses in This Case. ................................................................................... 2

   B.   The Fees and Expenses Sought by Mr. Hans Were Reasonably Incurred. .............. 6

        1.   The Hourly Billing Rates for Mr. Hans' Counsel are Less Than the
             Rate for Lawyers with Similar Experience Under the Laffey
             Matrix and are Appropriate Under the Circumstances of This Case. .......... 6

        2.   The Number of Hours Expended by Mr. Hans' Counsel in This
             Matter Was Reasonable. ............................................................................... 8

        3.   The Cost of the Transcript of the Arbitration Proceeding Was
             Reasonably Incurred by Mr. Hans. ............................................................... 9

III. Conclusion ................................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**Cases**

*Affinity Financial Corp. v. AARP Financial, Inc.*, 794 F. Supp. 2d 117 (D.D.C. 2011), aff'd, 468 Fed. Appx. 4 (D.C. Cir. 2012) ............ 4

*Blanchard v. Bergeron*, 484 U.S. 87 (1989) ............ 6

*Camp v. Kollen*, 567 F. Supp. 2d 170 (D.D.C. 2008) ............ 5

*Campbell-Crane & Assoc., Inc. v. Stamenkovic*, 44 A.3d 924 (D.C. 2012) ............ 6

*City of Carter Lake v. Aetna Casualty & Surety Co.*, 604 F.2d 1052 (8th Cir. 1979) ............ 5

*Foulger-Pratt Residential Contracting, LLC v. Madrigal Condominiums, LLC*, 779 F. Supp. 2d 100 (D.D.C. 2011) ............ 5

*Hansson v. Norton*, 411 F.3d 231 (D.C. Cir. 2005) ............ 6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............ 8

*Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119 (D.D.C. 2004) ............ 5

*Masurovsky v. Green*, 687 S.2d 198 (D.C. 1996) ............ 5

*Miller v. Holzmann*, 575 F. Supp. 2d 2 (D.D.C. 2008) ............ 6, 10

*Missouri, Kansas & Texas Ry. Co. v. Harris*, 234 U.S. 412 (1914) ............ 5

*Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064 (June 10, 2013) ............ 8

*Perdue v. Kenny A.,* 130 S.Ct. 1662 (2010) ............ 6

*Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ............ 5

*U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 786 F. Supp. 2d 110 (D.D.C. 2011) ............ 6

*Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468 (1989) ............ 4

**Statutes**

9 U.S.C. § 1 ............ 1

D.C. Code § 16-4401 ............ 1, 4

D.C. Code § 16-4403(f)(1) .................................................................................................... 2, 3

D.C. Code § 16-4409(a) .......................................................................................................... 3

D.C. Code § 16-4425(c) .......................................................................................................... 2

**Rules**

Fed. R. Civ. P. 54 ................................................................................................................... 2

Fed. R. Civ. P. 54(d)(1) ........................................................................................................ 10

The Respondent Peter D. Hans, by the undersigned counsel, submits this memorandum of points and authorities in support of his motion for attorney's fees and expenses.

## I.   BACKGROUND

This case arises out of a commission dispute between Mr. Hans and his former employer, Petitioner FBR Capital Markets & Co. ("FBR"). The dispute was subject to arbitration in the Washington, D.C. The arbitration was conducted pursuant to the Code of Arbitration Procedure for Industry Disputes adopted by the Financial Institutions Regulatory Authority ("FINRA"), of which FBR is a member. In an award issued on March 20, 2013, the arbitration panel awarded Mr. Hans $267,960.

In April 2013, FBR filed a petition in this matter seeking to vacate the arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Mr. Hans opposed FBR's motion and filed his own motion to confirm the award, pursuant to the FAA and the District of Columbia Revised Uniform Arbitration Act ("DCRUAA"), D.C. Code § 16-4401, et seq. By its Opinion, Order and Judgment entered October 18, 2013, this Court denied FBR's petition, granted Mr. Hans' motion and confirmed the award in its entirety.

As the Court's Opinion noted, FBR's petition was founded on the notion that the arbitration panel "manifestly disregarded" the law in rendering the award in favor of Mr. Hans. Opinion at 4. The Court determined that the continued vitality of the manifest disregard standard is a "dubious proposition" and consequently "evaluate[d] FBR's contention with considerable suspicion." Opinion at 4-5. Reviewing the arbitration record -- beyond the excerpts cited by FBR -- the Court held that "[j]ustifiable grounds [for the award] here abound" and that the panel's "decision and award treads nowhere close to the manifest disregard it must have exhibited for this Court to vacate its judgment." Opinion at 7. Concluding, the Court stated that

FBR "should not continue to use the courts to re-litigate disputes it has settled -- albeit not in its favor -- through arbitration."  Opinion at 7.

Mr. Hans now files this motion for attorneys fees pursuant to D. C. Code § 16-4425(c), Fed. R. Civ. P. 54 and the Local Rules of this Court.

## II.    LEGAL AUTHORITY

### A.    The District of Columbia Revised Uniform Arbitration Act Authorizes This Court to Award Mr. Hans His Reasonable Attorneys Fees and Expenses in This Case.

The District of Columbia Code, upon which Mr. Hans' motion is based, states that the Court confirming an arbitration award may award the prevailing party reasonable attorneys fees and expenses:

> On application of a prevailing party to a contested judicial proceeding under § 16-4422, 16-4423, or 16-4424, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming . . . an award.

D.C. Code § 16-4425(c).

Despite the clarity of this statute, Mr. Hans expects FBR to renew its argument that the entire DCRUAA (including this fee-shifting provision) does not apply, on the theory that FINRA arbitrations are excluded from the DCRUAA's coverage under D.C. Code § 16-4403(f)(1).  (See FBR's Reply (Doc. No. 9) filed May 23, 2013, at 6-7).[1]  That Code section, however, states only that:

---

[1] This Court already may have rejected FBR's argument by granting Mr. Hans' motion, which motion was based in part on the DCRUAA and which requested permission for Mr. Hans to file this motion for fees and expenses.  Because the Court has not yet expressly overruled FBR's position, however, Mr. Hans herein presents the reasons why FBR's contention is not well-founded.

{LTB-00047063-2 }                                                   2

> This chapter does not apply to any *arbitrator* or any *arbitration organization* in an arbitration proceeding governed by *rules* adopted by a securities self-regulatory organization; provided, that the *rules* are approved by the United States Securities and Exchange Commission under federal law.

D.C. Code § 16-4403(f)(1) (emphasis supplied).[2]

As can be seen, nothing in this statute addresses the confirmation of arbitration awards rendered by FINRA panels. By its terms, the statute speaks to the procedural *rules* adopted by a self-regulatory organization such as FINRA, making it clear that any procedural requirements under DCRUAA do not displace the rules governing arbitrations that are adopted by FINRA and approved by the SEC.[3] This plain meaning is further confirmed by the statute's introductory language, clarifying that the D.C. Act will not apply to "any arbitrator or any arbitration organization." FBR's argument would rewrite this section so that it would read "[t]his chapter does not apply to any *arbitration award*" rendered by a FINRA panel. FBR's interpretation cannot be squared with the language of the statute. In fact, the terms "arbitrator" and "arbitrator organization" are defined under the DCRUAA, and they do not equate to "arbitration awards" as

---

[2] Mr. Hans acknowledges that FINRA is a "securities self-regulatory organization" within the meaning of Code section 16-4403(f)(1).

[3] For example, the FINRA Code of Arbitration Procedure for Industry Disputes ("FINRA Code") states that a claimant initiates an arbitration by filing a "submission agreement" and a statement of claim with the FINRA Director of Dispute Resolution, who then sends the materials to the other party and to the arbitrators. FINRA Code Rule 13302, available on the FINRA website, www.finra.org. The D.C. Code, by contrast, requires a claimant to commence an arbitration by giving notice directly to the other party by certified or registered mail or "by service as authorized for the commencement of a civil action." D.C. Code § 16-4409(a). The DCRUAA's exemption for FINRA and its arbitrators makes it clear that D.C. Code § 16-4409(a) does not govern the commencement of FINRA arbitrations. This is but one example of how the procedures of a FINRA arbitration itself are to be governed by FINRA Rules rather than the D.C. Code. There are other examples where the FINRA arbitration procedures are inconsistent with the DCRUAA pre-award procedures. While the DCRUAA does not supply the rules of procedure for FINRA arbitrations, it does apply to the enforcement of final FINRA arbitration awards, just as it applies to other final arbitration awards rendered in the District of Columbia.

{LTB-00047063-2}                                    3

FBR would have them mean.  See D.C. Code § 16-4401 (defining "arbitrator" and "arbitration organization").

Finally, FBR offers no reason -- and there is none -- why a final award rendered by FINRA arbitrators should be treated any differently by a court than other final arbitration awards.  There is no reason to suspect that the legislature intended to exempt FINRA arbitration awards from the post-award procedures of the DCRUAA, especially when the terms of the Act do not so provide.

Because the DCRUAA does not exempt from its coverage "arbitration awards" by FINRA, the only question is whether Section 16-4425(c), providing for the recovery of attorneys fees in connection with a motion to confirm an award, is pre-empted by the Federal Arbitration Act.  The principal purpose of the FAA "is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989).  Permitting a prevailing party to recover fees in connection with confirmation of an arbitration award does not conflict with this federal interest; it promotes that interest.  Therefore, the DCRUAA is not pre-empted and applies here.

This point is well illustrated by Judge Urbina's decision in *Affinity Financial Corp. v. AARP Financial, Inc.*, 794 F. Supp. 2d 117, 123 (D.D.C. 2011), aff'd, 468 Fed. Appx. 4 (D.C. Cir. 2012), a case on which this Court's Opinion relies.  There, Affinity prevailed in an arbitration proceeding and, like Mr. Hans here, moved to confirm the award under both the FAA and the DCRUAA.  794 F. Supp. 2d at 119.  After determining that the arbitration award should be confirmed, the Court awarded Affinity its reasonable attorneys fees and expenses under D.C. Code § 16-4425(c).  This is exactly the relief sought by Mr. Hans in this motion.  *See also*

*Foulger-Pratt Residential Contracting, LLC v. Madrigal Condominiums, LLC*, 779 F. Supp. 2d 100, 110 (D.D.C. 2011) ("there is nothing in the [DCRUAA] that conflicts with the policy behind the FAA") (citing *Masurovsky v. Green*, 687 S.2d 198, 204 n. 3 (D.C. 1996)).

FBR also argued previously that because the parties had agreed that any employment disputes would be governed by the "substantive law . . . of the Commonwealth of Virginia," the attorneys fees provision of the DCRUAA does not apply.  (See FBR's Reply (Doc. No. 9) filed May 23, 2013, at 7).  If the Court has not already rejected this argument (see footnote 1, *supra*), it should do so now.

Merely because the "substantive law" of Virginia governs this dispute does not mean that the procedures under the Virginia Arbitration Act have any place here.  It is clear that "a general choice of law provision" does not trigger the application of "state arbitration rules or law to arbitration proceedings." *Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119, 152 (D.D.C. 2004).  To the contrary, D.C. Code § 16-4425(c) is a classic procedural statute. Under both federal and D.C. law, an application to confirm an arbitration award is intended to be a summary proceeding.  *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *Camp v. Kollen*, 567 F. Supp. 2d 170, 173-174 (D.D.C. 2008).  Because Section 16-4425(c) is a procedural statute relating to a summary proceeding, it applies to actions in this Court, regardless which state's substantive law is applied.[4]

---

[4] *See, e.g., Missouri, Kansas & Texas Ry. Co. v. Harris*, 234 U.S. 412, 420 (1914) (allowing recovery of attorneys fees under Texas statute even though the federal Carmack Amendment did not provide for an award of fees, because the Texas statute "only incidentally affects the remedy for enforcing" the obligations of common carriers); *City of Carter Lake v. Aetna Casualty & Surety Co.*, 604 F.2d 1052, 1062 (8th Cir. 1979) (awarding attorneys fees under the law of the forum state, Nebraska, even though the substantive law, supplied by Iowa, did not provide for awards of fees).

Thus, Mr. Hans' application for fees and expenses is well grounded pursuant to D.C. Code § 16-4425(c).

**B.      The Fees and Expenses Sought by Mr. Hans Were Reasonably Incurred.**

In evaluating a claim for attorneys fees, this Court looks to the "lodestar" calculation, taking into account a reasonable hourly rate for the attorney as well as the number of hours reasonably expended on the tasks.  *Perdue v. Kenny A.,* 130 S.Ct. 1662, 1673 (2010); *Campbell-Crane & Assoc., Inc. v. Stamenkovic*, 44 A.3d 924, 947 (D.C. 2012).[5]  Under these principles, Mr. Hans' request for attorneys fees should be granted.

**1.      The Hourly Billing Rates for Mr. Hans' Counsel are Less Than the Rate for Lawyers with Similar Experience Under the Laffey Matrix and are Appropriate Under the Circumstances of This Case.**

Almost all of the billable work for Mr. Hans on this matter was performed by Robert R. Vieth, a partner at Leach Travell Britt, who normally bills at an hourly rate of $450 to $495.  See the accompanying Declaration of Robert R. Vieth In Support of Respondent's Motion For Attorneys Fees And Expenses ("Vieth Decl.").  The requested rate of $450 is highly reasonable under the circumstances of this case.

In determining reasonable hourly rates, this Court often looks to the "Laffey Matrix" published by the Civil Division of the United States Attorney's Office for the District of Columbia.[6]  See http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf.  A

---

[5] Although Mr. Hans' counsel, Leach Travell Britt pc ("Leach Travell Britt"), has handled this matter on a contingency fee basis, the lodestar approach remains the proper method for determining a reasonable attorneys fee.  *See, e.g., Blanchard v. Bergeron*, 484 U.S. 87, 94-96 (1989).

[6] *See Hansson v. Norton*, 411 F.3d 231, 236 (D.C. Cir. 2005); *Miller v. Holzmann*, 575 F. Supp. 2d 2, 14 (D.D.C. 2008), amended in part, vacated in part, *U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 786 F. Supp. 2d 110 (D.D.C. 2011).

copy of a printout of the most recently published Laffey Matrix is attached to the Vieth Declaration as Exhibit D.

Mr. Vieth's billing rate of $450 per hour is reasonable under the Laffey Matrix. Mr. Vieth has approximately 28 years of experience in commercial litigation disputes in the greater Washington, D.C. area. Vieth Decl. ¶ 3. After concluding a one-year clerkship in this Court, Mr. Vieth had been with large law firms his entire career, until he joined the boutique firm of Leach Travell Britt at the beginning of 2012. Vieth Decl. ¶ 3. Mr. Vieth's billing rate of $450 per hour is at the low end of Mr. Vieth's normal billing rates for 2013, and considerably lower than the normal hourly rates he charged while he was a partner at Cooley, LLP, the law firm he left at the end of 2011. Vieth Decl. ¶¶ 9-11. Moreover, this rate is materially lower than the applicable 2013 hourly rate for lawyers with comparable experience ($505) under the Laffey Matrix. See Vieth Decl., Ex. D.[7]

Under the overall circumstances of this case, Mr. Vieth's billing rate is more than reasonable. This case involved a complicated hearing against a sophisticated financial institution. FBR was represented in the matter by the Littler Mendelson law firm, a very large international law firm that is well known for employment-related litigation. The lead counsel on this matter for FBR is Paul Kennedy, a lawyer who, like Mr. Vieth, graduated from law school in 1984 and who, according to the Littler Mendelson website, occupies a leadership position in the firm and serves on the firm's board of directors. See www.littler.com. Mr. Hans needed an

---

[7] Mr. Vieth's partner, Wayne Travell, offered advice and services in connection with this matter, totaling 2.5 hours. Mr. Travell's time is recorded at his standard billing rate of $485 per hour, a completely reasonable rate under the Laffey Matrix for a lawyer with over 30 years of experience in a commercial litigation practice in the Washington, D.C. area. See Vieth Decl. ¶ 12.

experienced lawyer in this matter, given the resources brought to the proceedings by FBR and its able counsel.

### 2. The Number of Hours Expended by Mr. Hans' Counsel in This Matter Was Reasonable.

As detailed in the Vieth Declaration, Mr. Vieth expended 76.7 hours on the judicial enforcement aspects of this case, and Mr. Travell expended 2.5 hours. This case not only involved researching and briefing the emerging case law relating to the standards applicable to overturning an arbitration award, but also required a detailed examination of the arbitration record. As this Court well knows, FBR's motion was premised on the notion that the award was so out of bounds that the panel must have manifestly disregarded the law and the evidence so as to render a legally unsustainable award. While it is easy now to be dismissive of FBR's position -- and, indeed, the Court's Opinion suggests that FBR's position lacked substantial merit -- the rebuttal of FBR's arguments required a thorough review of the entire case transcript and the numerous exhibits to put forward the evidence that supported the award in Mr. Hans' favor. Of course, counsel also had to draft three legal memoranda in this proceeding (counting this one). In addition, counsel took notice of a relevant new Supreme Court Opinion and brought it to the Court's attention through a Notice of Supplemental Authority. *See Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064 (June 10, 2013).

The Vieth Declaration contains the actual contemporaneous time entries recorded by Mr. Vieth and Mr. Travell during their work on the case.[8] Those entries may be categorized as follows:

---

[8] Counsel also exercised "billing judgment" by striking certain time entries and thereby reducing the amount sought by $3,960.00. Vieth Decl. ¶ 7. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (describing appropriate "billing judgment").

- Analyzing FBR's opening brief, reviewing the transcript and arbitration record, conducting legal research and drafting the initial opposition to FBR's petition and motion to confirm the award:  50.4 hours for Mr. Vieth and 1.5 hours for Mr. Travell, for a subtotal of $23,407.50.

- Analyzing FBR's reply brief, conducting further legal research and drafting the reply memorandum in support of the motion to confirm the award:  11.9 hours for Mr. Vieth and .60 hours for Mr. Travell, for a subtotal of $5,646.00.

- Reviewing the June 10, 2013 opinion in *Oxford Health Plans* and drafting the Notice of Supplemental Authority:  2.7 hours for Mr. Vieth and .40 hours for Mr. Travell, for a subtotal of $1,409.00.

- Reviewing the Court's Opinion, Order and Judgment, and drafting the instant motion for attorneys fees and expenses and accompanying papers:  11.7 hours for Mr. Vieth, for a subtotal of $5,265.00.

Therefore, the total amount of attorneys fees reasonably expended in this matter, and for which Mr. Hans seeks recovery, is $35,727.50

### 3. The Cost of the Transcript of the Arbitration Proceeding Was Reasonably Incurred by Mr. Hans.

When FBR filed its Petition seeking to have the arbitration award vacated, it attached mere excerpts of the testimony adduced at the hearing, designed to present a one-sided version of the evidence.  Because FBR's Petition went to the sufficiency of the evidence, Mr. Hans had to incur the expense of obtaining a complete transcript of the arbitration proceeding, a copy of which he filed in support of his motion to confirm the award.

Under Local Rule 54.1(d)(7), the Clerk shall tax:

> The cost, at the reporter's standard rate, of the original and one copy of the reporter's transcript of a hearing or trial if the transcript: (i) is alleged by the prevailing party to have been necessary for the determination of an appeal within the meaning of Rule 39(e), Federal Rules of Appellate Procedure, or (ii) was required by the court to be transcribed; . . . .

Local Rule 54.1(d)(7); *see also Miller*, 575 F. Supp. 2d at 9-10 (awarding transcript costs and noting that the opposing party bears the burden of establishing a "good reason" to deny costs).

To be sure, the Rules do not speak with absolute clarity as to the award of costs for transcripts of hearings before an arbitration panel. But Mr. Hans submits that, under the circumstances of this case, a transcript was necessary to demonstrate to the Court that the panel did not manifestly disregard the law or evidence. Mr. Hans only seeks reimbursement for one copy of the hearing transcript, as actually charged by the reporter. Vieth Decl. ¶ 8.

Mr. Hans incurred the cost of $3,183.51 in connection with that transcript for which he seeks recovery.[9]

## III. CONCLUSION

For the foregoing reasons, Mr. Hans requests that the Court award him reasonable attorneys fees in the amount of $35,727.50, plus expenses in the amount of $3,183.51.

> Respectfully submitted,
>
> / s /
> Wayne G. Travell, Esq. (Bar No. 372658)
> Robert R. Vieth, Esq. (Bar No. 406941)
> LEACH TRAVELL BRITT pc
> 8270 Greensboro Drive, Suite 700
> McLean, Virginia 22102
> Tel: (703) 584-8900
> Fax: (703) 584-8901
> E-mail: wtravell@ltblaw.com
>          rvieth@ltblaw.com
> *Counsel for Respondent Peter D. Hans*

Dated: October 23, 2013

---

[9] Mr. Hans also has filed a Bill of Costs with the Clerk seeking the recovery of the transcription costs under Rule 54(d)(1) and Local Rule 54.1.

{LTB-00047063-2}                     10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2013, a true and correct copy of the foregoing Memorandum in Support of Respondent's Motion for Attorneys Fees and Expenses was filed via the Court's CM/ECF system, which system will send notification of this filing to the counsel below, and served by electronic mail and by first-class mail, postage prepaid, upon the following:

>Paul J. Kennedy, Esq.
>S. Libby Henninger, Esq.
>Littler Mendelson, P.C.
>1150 17th Street, N.W., Suite 900
>Washington, D.C. 20036
>T:  (202) 842-3400
>F:  (202) 842-0011
>pkennedy@littler.com
>lhenninger@littler.com

/ s /
Robert R. Vieth