

| | Leach Travell Britt pc | Wayne G Travell |
|---|---|---|
| | 8270 Greensboro Drive | main 703.584.8900 |
| | Suite 1050 | direct 703.584.8903 |
| | McLean, Virginia 22102 | fax 703.584.8901 |
| | www.ltblaw.com | email wtravell@ltblaw.com |

December 23, 2011

<u>VIA E-MAIL: scottjdoyle@gmail.com</u>        <u>VIA E-MAIL: peter.d.hans@gmail.com</u>

Mr. Scott J. Doyle                              Mr. Peter D. Hans
4118 Aspen Street                               4012 Virgilia Street
Chevy Chase, Maryland 20815                     Chevy Chase, Maryland 20815

Re:   <u>Engagement Agreement</u>

Dear Mr. Doyle and Mr. Hans:

This letter will confirm that each of you wishes to engage Leach Travell Britt pc ("LTB") to represent you against FBR Capital Market Corporation ("FBR") for recovery of deferred commissions and for any other matters as to which we may represent you. Because its appears that each of you has a common interest with respect to this matter, you have agreed that, subject to disclosures regarding potential conflicts of interest discussed more fully below, you have determined that you wish to be represented by the same attorney and law firm at this stage of this matter.

As mentioned above, you have requested that this firm represent you individually and collectively with regard to claims against FBR. We have carefully considered our ethical obligations in this matter and it appears to us that our joint representation of each of you under this Agreement does not create any actual conflict of interest and is not likely to do so in the future. Each party to this letter represents that he it is not aware of any actual or potential conflict of interest that would interfere in this firm's ability to represent each and all of you zealously in this matter. In the event that an actual conflict between one or all of you does arise which cannot be waived, we may have to withdraw as counsel for some or all of you and some or all of you may need to engage new and separate counsel.

Typically, we undertake litigation representations on an hourly fee basis. Under this arrangement, any member of our legal staff devoting time to your case on a particular day records that time. At the end of the billing cycle, we total the time for each time keeper for your matter and apply our hourly rates. My hourly rate is $485, associates' rates range from $235 to $335 and legal assistants' are billed at $185 per hour. One of the advantages of an hourly rate is that you would only be obligated to pay legal fees actually incurred which could be small relative to the recovery. Conversely, the disadvantages to you of an hourly arrangement include the

{LTB-00022306-}                                                              **EXHIBIT A**

Mr. Scott J. Doyle
Mr. Peter D. Hans
December 23, 2011
Page 2

possibility of incurring substantial fees if the case were to continue for a lengthy period of time and the certainty of paying legal fees even if there is no recovery in this case.

In this case, you have asked LTB to accept this engagement on a contingent fee basis. Under this arrangement, your obligation to pay legal fees is contingent upon money being collected by way of settlement or enforcement of a judgment. In other words, you are required to pay for legal services only if there is a recovery in the case. A disadvantage of a contingent fee arrangement from your perspective is that if the case were to settle quickly, LTB may be entitled to a substantial fee even though the firm has done a relatively small amount of work. An advantage to you under a contingent fee arrangement, however, is that you will not pay any legal fees unless and until there is a recovery.

We have agreed that LTB will be paid one-third (1/3) of the gross amount of any recovery obtained through settlement or through post-trial enforcement and collection. If either party files an appeal, our fee will increase to forty percent (40%) of the gross amounts collected. We will, however, keep track of our time as if this were an hourly engagement.

In the event you terminate this agreement before any recovery is collected hereunder, and if you later obtain a recovery from FBR with or without the services of another attorney, you agree that LTB will be entitled to the reasonable value of the services provided hereunder prior to termination and that LTB will be entitled to payment from and will have a lien upon any such recovery. For the purposes of determining the amount of LTB's payment and lien, you agree that LTB may assert the value of its hourly services at the rates provided herein plus any unreimbursed expenses, if any. If you dispute that LTB's claim for fees and expenses fee is reasonable, you agree to place the full amount of the fee claimed by LTB into an escrow account at Walker Title or, if litigation is filed by either party, into the registry of the Circuit Court for Fairfax County, pending resolution of said dispute pursuant to the terms hereof. You also agree, in the event that you terminate LTB, that you will provide a copy of this agreement to new counsel, if any.

We will send you an invoice each month for out-of-pocket disbursements such as filing fees, delivery costs, outside copying costs, expert witness fees and any other service for which LTB may have to write a check or become obligated to any third party on your behalf. You have agreed to pay LTB an ever-green retainer of Five Thousand Dollars ($5,000.00) which we will deposit into our firm's escrow account and which we will use to pay third-party costs as they are incurred each month. You have agreed to pay and invoiced amounts exceeding the retainer and to replenish the retainer within thirty (30) days of the invoice date. Any unused portions of the retainer will be refunded to you upon the conclusion of our representation of you. Our practice is to send invoices each month for the fees and/or vendor costs for the previous month.

You understand and and agree that LTB has not made any guarantees or promises about the outcome of this matter or of the likelihood that FBR will be able to pay any judgment amount that might be awarded against it.

{LTB-00022306-}

Mr. Scott J. Doyle
Mr. Peter D. Hans
December 23, 2011
Page 3


This Agreement is entered into in the Commonwealth of Virginia for the provision of legal services in Virginia. Consequently, in any action to collect, enforce and/or interpret this Agreement, or to resolve any disputes arising hereunder, shall be construed in accordance with and governed by the laws of the Commonwealth of Virginia, without giving effect to conflict of laws principles. The parties further agree that any suit arising under this Agreement shall be brought in the Circuit Court for Fairfax County, Virginia and that they hereby submit to personal jurisdiction and venue in the aforementioned Virginia Courts. In any suit to interpret or enforce this Agreement, the parties hereby waiver their right to a trial by jury and hereby consent to trial by a judge. In any law suit arising hereunder, the Court shall award the prevailing party reasonable attorneys' fees and costs. You have had the opportunity, and have been encouraged, to seek independent counsel regarding the terms and conditions of this Agreement.

If the foregoing arrangements are acceptable to each you, please execute this letter below and return it to me along with a check for Five Thousand Dollars ($5,000.00) payable to Leach Travell Britt pc. If the foregoing arrangements are not acceptable to any of you, or if you have any questions regarding this letter, please contact me immediately. We encourage candid discussion of all aspects of our engagement, including our fees and invoices.

Thank you for the opportunity to represent you and we look forward to working with you on this matter.

                                        Sincerely,

                                        LEACH TRAVELL BRITT, pc

                                        *Wayne G. Travell* (signature)

                                        By: _____
                                            Wayne G. Travell

WGT:ned

{LTB-00022306-}

Mr. Scott J. Doyle
Mr. Peter D. Hans
December 23, 2011
Page 4

AGREED AND ACCEPTED THIS

9 day of January 20 12

_____
Scott J. Doyle


_____
Peter D. Hans

{LTB-00022306-}

Page 4

AGREED AND ACCEPTED THIS

27th day of December, 2011.

_____
Scott J. Doyle

_____
Peter D. Hans

| **Leach Travell Britt pc** | 8270 Greensboro Drive Suite 700 Tysons Corner, VA 22102 |
|---|---|

703.584.8900

Peter D. Hans
4118 Aspen Street
Chevy Chase, MD 20815

Invoice #  17592
April 30, 2013
Client:    000999-00001

EIN: 27-0035745

In Reference To:    FBR Capital Market Corporation

Professional services rendered through April 30, 2013

|  |  | Hours | Amount |
|---|---|---:|---:|
| 4/22/2013 RRV | Initial review of papers filed by FBR; emails to clients. | 1.10 | |
| 4/23/2013 RRV | Telephone call to P. Hans; further review of motion to vacate; legal research re same. | 3.50 | |
| 4/24/2013 RRV | Continue research and analysis of opposition. | 3.10 | |
| 4/25/2013 RRV | Draft opposition brief and related research. | 2.40 | |
| 4/26/2013 RRV | Draft opposition for motion to vacate. | 0.80 | |
| 4/29/2013 RRV | Draft opposition brief, including review of exhibits and testimony and legal research. | 6.80 | |
| 4/30/2013 RRV | Continue draft brief; legal research re same. | 2.90 | |
| | For professional services rendered | 20.60 | $9,270.00 |
| | **Balance due** | | **$9,270.00** |

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Robert R. Vieth | 20.60 | 450.00 | $9,270.00 |

**EXHIBIT B**

**Leach Travell Britt pc**     8270 Greensboro Drive Suite 700 Tysons Corner, VA 22102

703.584.8900

Peter D. Hans  
4118 Aspen Street  
Chevy Chase, MD 20815

Invoice # 18231  
October 22, 2013  
Client No 000999-00001

EIN: 27-0035745

In Reference To:   FBR Capital Market Corporation

Professional services rendered through September 30, 2013

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 5/1/2013 | RRV | Continue drafting brief, including research, etc. | 3.70 | |
| 5/2/2013 | RRV | Telephone call from P. Hans; continued analysis of brief. | 0.70 | |
| 5/6/2013 | RRV | Review hearing transcript; continue drafting brief. | 4.50 | |
| 5/7/2013 | RRV | Continue review of record and drafting of brief. | 7.80 | |
| 5/8/2013 | RRV | Continue preparing brief and exhibits. | 7.60 | |
| 5/9/2013 | RRV | Continue organizing exhibits; prepare transmittal affidavit; continue preparing brief. | 4.10 | |
| 5/10/2013 | RRV | Further edits to brief, including research re federal regulations. | 1.40 | |
| 5/13/2013 | WGT | Review opposition brief; conference with R. Vieth. | 1.50 | |
| 5/23/2013 | WGT | Review reply for motion to vacate. | 0.60 | |
| 5/24/2013 | RRV | Review reply brief of FBR; confer with W. Travell; email P. Hans. | 0.60 | |
| 5/29/2013 | RRV | Begin draft reply brief. | 2.10 | |
| 5/30/2013 | RRV | Continue drafting reply brief. | 0.90 | |
| 5/31/2013 | RRV | Continue draft reply brief. | 2.50 | |
| 6/1/2013 | RRV | Draft argument regarding attorney's fees under D.C. Code; confer with W. Travell regarding same. | 2.10 | |
| 6/3/2013 | RRV | Finalize and file reply brief. | 3.70 | |
| 6/11/2013 | WGT | E-mail correspondence with R. Vieth regarding new supreme court case. | 0.40 | |
| | RRV | Review new Supreme Court decision regarding arbitration. | 0.50 | |

Peter D. Hans                                                                                                            Page    2

|              |     |                                                                                                                                                          | Hours | Amount      |
|--------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-------------|
| 6/12/2013    | RRV | Analysis of new Supreme Court case; confer with W. Travell; draft, revise and file notice of supplemental authority with court; e-mail P. Hans.          | 2.20  |             |
| 10/21/2013   | RRV | Research and draft motion and affidavit for attorney's fees; telephone call from P. Hans.                                                                | 7.20  |             |
| 10/22/2013   | RRV | Finalizing motion for attorney's fees and expenses and accompanying filings.                                                                             | 4.50  |             |

**For professional services rendered**                                                                                      58.60   $26,457.50

Timekeeper Summary

| Name              | Hours | Rate   | Amount      |
|-------------------|-------|--------|-------------|
| Robert R. Vieth   | 56.10 | 450.00 | $25,245.00  |
| Wayne G. Travell  |  2.50 | 485.00 |  $1,212.50  |

Please remit a copy of the Invoice with your payment.

# INVOICE



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 47595 | 5/3/2013 | 33725 |
| Job Date | Case No. | |
| 3/4/2013 | 12-01131 | |

| Case Name |
|---|
| Hans and Doyle -v- FBR Capital Markets & Co. |

| Payment Terms |
|---|
| Due upon receipt |

Robert Vieth, Esquire
Leach, Travell & Britt, PC
8270 Greensboro Drive
Suite 700
Tysons Corner, VA  22102

TRANSCRIPT WITH INDEX OF:
   Arbitration, Day 1                                    443.00  Pages                    1,608.09

                                                     **TOTAL DUE >>>**              **$1,608.09**

Due upon receipt and is not contingent on client payment.

For billing questions, please email billing@planetdepos.com or call 888.433.3767

Thank you for your business.

Tax ID: 26-3280557

*Please detach bottom portion and return with payment.*

Robert Vieth, Esquire
Leach, Travell & Britt, PC
8270 Greensboro Drive
Suite 700
Tysons Corner, VA  22102

| | | | |
|---|---|---|---|
| Job No. | : 33725 | BU ID | : 1-MAIN |
| Case No. | : 12-01131 | | |
| Case Name | : Hans and Doyle -v- FBR Capital Markets & Co. | | |
| Invoice No. | : 47595 | Invoice Date | : 5/3/2013 |
| Total Due | : $1,608.09 | | |

Remit To:  **Planet Depos**
           **405 East Gude Drive**
           **Suite 209**
           **Rockville, MD  20850**

**PAYMENT WITH CREDIT CARD**        AMEX  MC  VISA

Cardholder's Name: _____
Card Number: _____
Exp. Date: _____  Phone#: _____
Billing Address: _____
Zip: _____  Card Security Code: _____
Amount to Charge: _____
Cardholder's Signature:

**EXHIBIT C**

# INVOICE



PLANET DEPOS

Robert Vieth, Esquire
Leach, Travell & Britt, PC
8270 Greensboro Drive
Suite 700
Tysons Corner, VA  22102

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 47596 | 5/3/2013 | 33728 |
| Job Date | Case No. | |
| 3/5/2013 | 12-01131 | |

| Case Name |
|---|
| Hans and Doyle -v- FBR Capital Markets & Co. |

| Payment Terms |
|---|
| Due upon receipt |

TRANSCRIPT WITH INDEX OF:
   Arbitration, Day 2                                                        434.00  Pages                    1,575.42

                                                            TOTAL DUE >>>                      $1,575.42

Due upon receipt and is not contingent on client payment.

For billing questions, please email billing@planetdepos.com or call 888.433.3767

Thank you for your business.

Tax ID: 26-3280557

*Please detach bottom portion and return with payment.*

Robert Vieth, Esquire
Leach, Travell & Britt, PC
8270 Greensboro Drive
Suite 700
Tysons Corner, VA  22102

Job No.      : 33728            BU ID       : 1-MAIN
Case No.     : 12-01131
Case Name    : Hans and Doyle -v- FBR Capital Markets & Co.

Invoice No.  : 47596            Invoice Date : 5/3/2013
Total Due    : $1,575.42

Remit To:  Planet Depos
           405 East Gude Drive
           Suite 209
           Rockville, MD  20850

**PAYMENT WITH CREDIT CARD**      AMEX  MasterCard  VISA

Cardholder's Name: _____
Card Number: _____
Exp. Date: _____   Phone#: _____
Billing Address: _____
Zip: _____   Card Security Code: _____
Amount to Charge: _____
Cardholder's Signature: _____

## LAFFEY MATRIX -- 2003-2013
### (2009-10 rates were unchanged from 2008-09 rates)

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | 390 | 405 | 425 | 440 | 465 | 465 | 475 | 495 | 505 |
| 11-19 years | 335 | 345 | 360 | 375 | 390 | 410 | 410 | 420 | 435 | 445 |
| 8-10 years | 270 | 280 | 290 | 305 | 315 | 330 | 330 | 335 | 350 | 355 |
| 4-7 years | 220 | 225 | 235 | 245 | 255 | 270 | 270 | 275 | 285 | 290 |
| 1-3 years | 180 | 185 | 195 | 205 | 215 | 225 | 225 | 230 | 240 | 245 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 | 125 | 130 | 130 | 135 | 140 | 145 |

*Explanatory Notes:*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does **not** apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "*Laffey* Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

**EXHIBIT D**