# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| FBR CAPITAL MARKETS & CO., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 13-535 (RCL) |
| PETER D. HANS, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Before the Court is Peter Hans's motion [16] for attorneys' fees and costs, and the response and reply thereto. After considering those briefs and the record herein, the Court will GRANT Mr. Hans's motion, awarding him $35,727.50 in fees and $3,183.51 in costs.

### I. BACKGROUND

Mr. Hans won an arbitration award of $267,960 against FBR Capital Markets & Co. FBR petitioned this Court to vacate the award under the Federal Arbitration Act (FAA). ECF No. 2. Mr. Hans opposed that petition and moved to compel the award under both the FAA and the District of Columbia Revised Uniform Arbitration Act (DCRUAA). ECF Nos. 7 & 8. This Court denied FBR's petition and granted Mr. Hans's motion. ECF No. 12. In doing so, the Court stated that the arbitration panel's "decision and award treads nowhere close to the manifest disregard it must have exhibited in order for this Court to vacate its judgment," and admonished FBR that "it should not continue to use the courts to re-litigate disputes it has settled albeit not in

its favor through arbitration." *FBR Capital Mkts. & Co. v. Hans*, ___ F. Supp. 2d ___, 2013 WL 5665015, at *4 (D.D.C. Oct. 18, 2013).

Now, Mr. Hans seeks attorneys' fees and costs for his victory. In his time log, there are 51.9 hours listed for work done to oppose FBR's petition to vacate; 12.5 for the reply to FBR's opposition to Mr. Hans's motion to compel; 3.1 for filing a notice of supplemental authority about *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013), a recent FAA case; and 11.7 for the motion for attorneys' fees. *See* ECF No. 16-2 at 6–8. Mr. Hans seeks $35,727.50 for that time. Resp't's Mot. 9. In addition to fees, Mr. Hans also seeks $3,183.51 for the cost of procuring hearing transcripts for his opposition brief and motion to compel. *Id.* at 9–10.

## II. LEGAL STANDARD

The FAA does not authorize attorneys' fees. But under the D.C. Code, fees are discretionary for the prevailing party in a DCRUAA case: "On application of a prevailing party to a contested judicial proceeding under [the DCRUAA], the court may add reasonable attorney's fees and other reasonable expenses . . . to a judgment confirming . . . an award. D.C. Code § 16-4425(c).

## III. ANALYSIS

For the following reasons, the Court awards Mr. Hans the full fees and costs requested, or $38,911.01.

FBR argues that no hour Mr. Hans spent opposing its petition to vacate may count toward attorneys' fees because FBR brought the petition under the FAA, which does not allow attorneys' fees. Pet'r's Opp'n 4–6. Instead, FBR asserts that Mr. Hans must rely on only hours spent on his motion to compel, which he brought under the fees-allowing DCRUAA. *Id.* at 8. FBR is half right. True, Mr. Hans may get fees for only those hours related to the motion to

2

compel, but that does not mean that the hours spent on the opposition brief do not count. In fact, the two briefs presented identical facts and arguments. So each minute Mr. Hans worked on his opposition brief, he was also working on his motion to compel.

FBR applies the same logic to Mr. Hans's work on the notice of supplemental authority, claiming that those hours should not count because the new authority dealt solely with the FAA. *Id.* at 9–10. But courts in this circuit regularly look to FAA cases to interpret the DCRUAA. *See, e.g.*, *Masurovsky v. Green*, 687 A.2d 198, 204 (D.C. Cir. 1996) ("Interpretations of the [FAA] are persuasive authority for interpreting the identical provisions of the [DCAA]."). So *Oxford Health Plans* is relevant, and Mr. Hans should get fees for his work on bringing it to the Court's attention.

FBR argues further that Mr. Hans should not get fees under the DCRUAA because they are discretionary and Mr. Hans has not given any reason to grant them. Pet'r's Opp'n 7–8. To the contrary, it is FBR who has not given a compelling reason to withhold them. FBR argues that fees "should only be issued because of 'the losing party's unjustified refusal to comply with the [arbitration] award." *Id.* at 7 (quoting *Cathedral Ave. Coop., Inc. v. Carter*, 947 A.2d 1143, 1158–59 (D.C. Cir. 2008)). First, the DCAA did not apply to that case. *Cathedral*, 947 A.2d at 1158–59. Second, the Maryland case *Cathedral* cited for that quotation also did not involve the DCAA. *Blitz v. Beth Isaac Adas Israel Congregation*, 720 A.2d 912 (Md. 1998). Third, *Blitz* itself did not turn on whether a refusal to comply was justified, but rather on whether the statutory term "disbursements" included attorneys' fees. *Id.* at 918–19. In any event, given Mr. Hans's clear victory on its motion to compel and this Court's pointed language about FBR's petition to vacate, *FBR v. Hans*, 2013 WL 5665015, at *4, one could argue that FBR's refusal to comply was indeed unjustified. But the Court need not answer that question to resolve this

dispute. After all, Mr. Hans's proffered reason for granting him fees is plenty compelling: "Hans won the arbitration award fair and square." Resp't's Reply 3.

FBR attacks two entries, totaling 1.2 hours, as impermissibly duplicative, and urges the Court to eliminate them from fees. Pet'r's Opp'n 11. The Court will not do so. Neither entry is problematic enough for a penalty; nor is any other in the time log. *See* ECF 16-2 at 6–8.

Finally, FBR argues that Mr. Hans should not recover the cost of the transcripts. As FBR grounds its argument once again on the distinction between hours spent on the FAA-based opposition and those spent on the DCRUAA-based motion, *id.* at 11–12, the Court will award Mr. Hans the cost.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Hans's motion for attorneys' fees and costs, and awards him $38,911.01.

A separate Order consistent with this Opinion shall issue on this date.

Signed by Royce C. Lamberth, U.S. District Judge, on January 22, 2014.